## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Application of EDUARDO COHEN
WATKINS for an Order Pursuant to 28 U.S.C.
§ 1782 to Conduct Discovery for Use in Foreign
Proceedings

Case No:  1:24-mc-23

### *EX PARTE* APPLICATION AND PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner Eduardo Cohen Watkins submits this *ex parte* application under 28 U.S.C. § 1782 in connection with a Nullity Action proceeding C/16641/2023 on one part and the Reduction Action proceeding C/18590/2023 on the other part pending in the Canton of Geneva, Switzerland (together, the "Swiss Actions").  Petitioner respectfully requests that this Court grant his application and permit the issuance of the requested subpoenas on Mr. Stephen Lamb, a former employee of Lily Safra and current employee of Mrs. Safra's estate whom Petitioner believes to be in possession of material information relevant to the Swiss Actions, and on Ellesse LLC, a company managed by Mr. Lamb on behalf of Mrs. Safra.  A proposed form of order and the subpoenas petitioner requests to serve on Mr. Lamb and Ellesse are attached as Exhibit A and Exhibits B and C, respectively, to the accompanying declaration of Jordan Alston ("Alston Decl.").[1]

## I.    INTRODUCTION

Lily Safra, a philanthropist and art collector, passed away in July 2022 in Geneva, Switzerland.  Petitioner Eduardo Cohen Watkins is the son of Lily Safra.  In August 2023, Petitioner Cohen initiated a Request for Conciliation proceeding in view of a Nullity Action

---

[1] This Application is based on the arguments and authorities set forth herein, as well as the accompanying declarations of Jordan Alston and David Wilson.

proceeding in the Court of First Instance of the Canton of Geneva to, among other things, obtain a declaration that some of the Wills of Mrs. Safra are null and void and an order instructing defendants named in the action to turn over all information relevant to determining the value of the estate. One month after Petitioner initiated that proceeding, one of the defendants in that proceeding, Carlos Monteverde, filed a Reduction Action proceeding in the same court. Mr. Monteverde alleges that Mrs. Safra legally adopted him. In his Reduction Action proceeding, Mr. Monteverde seeks, among other things, a declaration that he is a forced heir to Mrs. Safra's estate, as well as a determination of the value of the estate. Mr. Cohen is one of the defendants in Mr. Monteverde's Reduction Action proceeding.

Petitioner brings this action pursuant to Section 1782 to obtain discovery from Stephen Lamb and Ellesse LLC for use in the Swiss Actions. Stephen Lamb is a former employee of Lily Safra and is currently employed by Mrs. Safra's estate. Among other responsibilities, Mr. Lamb handled Mrs. Safra's affairs related to assets located in New York. Wilson Decl. ¶ 10. Many of those assets, though physically in New York, are held by foreign companies. Mr. Lamb also manages Ellesse LLC, which served as an operations and expenses account for Mrs. Safra's New York affairs. *Id.* ¶ 11.

Petitioner is informed and believes that Mr. Lamb and Ellesse LLC have in their possession documents and information relating to Mrs. Safra's estate, various trusts, and possibly testamentary documents—all of which will be relevant in the pending Swiss Actions. [*Id.*] Among other things, it appears that Mr. Lamb has responsibility for inventorying valuable artwork that is at issue in the Swiss proceedings and keeps documents within the offices of Ellesse LLC.

The statutory requirements are easily satisfied here, and the discretionary factors to be considered by the Court weigh in Petitioner's favor, as summarized in the following chart:

| Statutory Requirements 28 U.S.C. § 1782(a) | |
|---|---|
| (1) The application must be made by an interested person | Petitioner is a party in the Swiss Actions: he is the Claimant in the Nullity Action proceeding and a defendant in the Reduction Action proceeding. |
| (2) The discovery must be for use in a proceeding before a foreign tribunal | The documents and testimony are relevant to the Swiss Actions and capable of submission in the Swiss Actions because discovery is ongoing.  Wilson Decl. ¶ 32. |
| (3) The person from whom discovery is sought must reside or be found in the district where the application is made | Mr. Lamb resides in this district.  Ellesse LLC can be found in this district. |
| Discretionary Factors *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) | |
| (1) The discovery is sought from a nonparty | Mr. Lamb and Ellesse LLC are not parties to the Swiss Actions. |
| (2) The receptivity of the foreign government to U.S. federal court judicial assistance | Swiss courts have previously been receptive to Section 1782 discovery, and Swiss counsel has attested that they will be receptive in these proceedings.  Wilson Decl. ¶¶ 32–33. |
| (3) Whether the petitioner seeks discovery in good faith. | The evidence from Mr. Lamb and Ellesse LLC is sought in good faith and this request is not an abuse of process. |
| (4) Whether the request is unduly intrusive or burdensome | The discovery requests are narrowly tailored to information in the possession of Mr. Lamb and Ellesse LLC about the Safra estate, various trusts, and testamentary documents, which is highly relevant to the Swiss Actions. |

Mr. Cohen respectfully requests that the Court grant the application.

II.     **BACKGROUND**

   A.  **Relevant Persons and Parties**

Mr. Cohen is a collector and dealer of antiques, and he is the son of Lily Safra.  Mr. Cohen currently resides in Portugal.

Mrs. Safra, who passed away in July 2022, was a philanthropist and art collector.  As part of her philanthropy, she supported projects related to education, science, medicine, religion, culture, and humanitarian relief, including through the Edmund J. Safra Philanthropic Foundation.

Mr. Carlos Monteverde alleges that he is the biological son of Mrs. Safra's previous husband Alfredo Monteverde, who passed away in 1969.  Mr. Monteverde also alleges that Mrs. Safra legally adopted him following the death of his father.

Mr. Lamb is a former employee of Lily Safra and is currently an employee of Mrs. Safra's estate.  As Mrs. Safra's employee, Mr. Lamb's responsibilities included handling her affairs as they related to assets located in New York. Mr. Lamb was responsible for, among other things, inventorying artwork that may be at issue in the Swiss proceedings.  Many of the referenced assets, though physically located in New York, are held by foreign companies. Mr. Lamb is also the director of at least one trust that may contain assets that belonged to Ms. Safra at one point in time. On information and belief, Mr. Lamb is a U.S. citizen and resides in this district.  Alston Decl. ¶ 5.

Ellesse LLC is a Delaware-registered private foundation and trust with its principal place of business in New York.  Mrs. Safra used Ellesse to manage operations and expenses related to her New York affairs.  On information and belief, the offices of Ellesse LLC, located in Manhattan, contain documents relevant to Mrs. Safra's estate and assets.  Wilson Decl. ¶ 17.  Moreover, on information and belief, Mr. Lamb works out of the offices of Ellesse LLC in addition to managing Ellesse LLC.  *Id.*

B.  **The Swiss Actions**

In this Section 1782 action, Mr. Cohen seeks discovery from Mr. Lamb and Ellesse LLC in aid of two actions pending in Swiss courts in which Mr. Cohen is a named party.

Mr. Cohen is the claimant in the Nullity Action proceeding C/16641/2023 which he filed in the Court of First Instance of the Canton of Geneva in August 2023.  Wilson Decl., Ex. B.  Mr. Cohen has asked that court to declare that some of the Wills of Mrs. Safra are null and void.  The Nullity Action proceeding further asks the Court of First Instance to enter an order requiring defendants to provide all information available to them that would aid in assessing the contents and value of Mrs. Safra's estate.

Mr. Cohen is a defendant in the Reduction Action proceeding C/18590/2023 filed by Mr. Monteverde in the Court of First Instance of the Canton of Geneva in September 2023.  Wilson Decl., Ex. C.  Mr. Monteverde has petitioned the Court of First Instance to recognize him as a forced heir of Mrs. Safra's estate and to enter an order requiring defendants to produce all documents necessary to determining the value of the Safra estate.

Mr. Lamb and Ellesse LLC are not parties to either Swiss Action.

C.  **The Need for Discovery from Mr. Lamb and Ellesse LLC**

The resolution of the Swiss Actions, and subsequent distribution of the Safra estate, will require an accounting and valuation of the assets in the Safra estate and of various trusts containing Mrs. Safra's assets.  It will also require a determination of the rightful heirs to Mrs. Safra's estate. At present, Mr. Cohen does not possess a full accounting of those assets.  Information in Mr. Lamb's and Ellesse LLC's possession relating to the Safra estate and trusts would likely be highly probative of what assets are in the estate versus in the trusts, the location of those assets, and the value of those assets.  Any insight Mr. Lamb and documents from Ellesse LLC can provide

regarding the location and value of those assets, and the ownership structures relevant to those assets, is thus relevant to the Swiss Actions.  Mr. Lamb is in a particularly good position to provide such information, given his former employment relationship with Mrs. Safra and continuing employment by Mrs. Safra's estate, his role in inventorying assets belonging to Mrs. Safra, his management of Ellesse LLC, and his status as a director of at least one trust containing assets that belonged to Ms. Safra at one point in time.

III.    **ARGUMENT**

28 U.S.C. § 1782 empowers a district court to order discovery in the United States for use in a foreign tribunal.  Section 1782 was designed "to liberalize the assistance given to foreign and international tribunals." *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 453 (S.D.N.Y 2018), *aff'd*, 939 F.3d 520 (2d Cir. 2019).  Section 1782 thus contains only "modest prima facie elements," consistent with "Congress's goal of providing equitable and efficacious discovery procedures." *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998).  Petitioner Cohen easily satisfies those modest requirements of Section 1782.

A.   **This Court Routinely Grants Section 1782 Discovery Upon a Petitioners' Satisfaction of Statutory and Discretionary Factors**

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  Congress enacted Section 1782 "to provide federal-court assistance in gathering evidence for use in foreign tribunals" and has expanded its scope over time to "*strengthen* the power of district courts to respond to requests for international assistance." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014)

(emphasis in original); *see also In re Bayer AG*, 146 F.3d at 191–92 (noting that subsequent amendments to 1782 were "designed to facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations in this respect").  Pursuant to Section 1782, "any interested person" may apply to a district court for an order permitting him or her to take discovery "for use" in a foreign proceeding.  *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 90 (2d Cir. 2012)).

The statutory requirements to obtain discovery under Section 1782 are simple and few:  the statute requires "only that the application be made (1) 'by a foreign tribunal' or 'any interested person,' (2) that it be 'for use in a proceeding in a foreign or international tribunal,' and (3) that the person or entity from whom the discovery is sought be a resident or be found in the district in which the application is filed."  *In re Bayer AG*, 146 F.3d at 193 (quoting *Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996)).  The discovery itself, however, can be outside of this district and can even be extraterritorially located.  *See In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019).

Once the statutory requirements are met, a district court is free to grant discovery in its discretion.  The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, identified four factors a district court may consider in determining whether to grant a Section 1782 Application: (1) whether the respondent from whom discovery is sought is a "participant in the foreign proceeding"; (2) the receptivity of the foreign tribunal to U.S. court assistance; (3) whether the Section 1782 request is brought in good faith and not an abuse of process; and (4) whether the discovery sought is "unduly intrusive or burdensome."  542 U.S. 241, 264–65 (2004).

This court routinely grants Section 1782 applications, and routinely does so *ex parte*, based on the satisfaction of the statutory and discretionary factors. *See, e.g.*, *In re Tethyan Copper Co. Pty. Ltd.*, No. 21-MC-377, 2022 WL 1266314, at *1 (S.D.N.Y. Apr. 28, 2022) (granting *ex parte* application); *In re First Monolith Inc.*, No. 20-MC-735, 2021 WL 1093658, at *1 (S.D.N.Y. Feb. 1, 2021) (same); *In re Investbank PSC*, No. 20-MC-260, 2020 WL 8512850, at *1 (S.D.N.Y. Dec. 30, 2020) (same). As the Second Circuit has observed, it is "neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 Fed. App'x. 215, 217 (2d Cir. 2012) (collecting cases).

### B.  The Requested Discovery Satisfies the Statutory Requirements of Section 1782

Petitioner easily meets the statutory requirements for discovery under Section 1782.

#### 1.  Mr. Cohen is an Interested Person

First, as the claimant for the Nullity Action proceeding and a defendant in the Reduction Action proceeding, Mr. Cohen is a party to the Swiss Actions, making him an "interested person" for purposes of this 1782 application. *See In re Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996)

#### 2.  Mr. Cohen Seeks Discovery for Use in a Foreign Tribunal

Second, Mr. Cohen seeks discovery—specifically, testimony and documents from Mr. Lamb relating to the Safra estate and certain family trusts, as well as any testamentary documents, and similar documents from Ellesse LLC—for use in two proceedings before a foreign tribunal: the Court of First Instance of the Canton of Geneva. *See Intel*, 542 U.S. at 258; *see also In re Safra*, No. 21-MC-640, 2022 WL 3584541, at *1 (S.D.N.Y. Aug. 22, 2022) (granting 1782

application in connection with "Swiss testamentary proceedings contesting two wills"). A Section 1782 applicant's burden to show the relevancy of sought after discovery is "de minimis" and "the district court should be permissive." *In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010); *see also In re Application of Christen Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) ("because the Court is called upon only to resolve a discovery issue that arises from underlying litigation in foreign jurisdictions, the court should be particularly wary of denying discovery on relevance grounds").

The information Mr. Cohen seeks from Mr. Lamb and Ellesse LLC will be useful in the Swiss Actions because it will assist with the accounting and valuation of assets within and among the Safra estate and trusts and a determination of the rightful heirs. That additional information will thus aid the eventual distribution of the Safra estate, making it centrally relevant in the Swiss Actions.

        3.   <u>Mr. Lamb Resides in This District and Ellesse LLC Can Be Found in This District</u>

Third, Mr. Lamb and Ellesse LLC are both subject to this court's jurisdiction. Mr. Lamb is a U.S. citizen and resides in this district. Alston Decl. ¶ 5. Ellesse LLC can be found in this district. Section 1782's "'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). Because Ellesse LLC's principal place of business is New York, it is subject to personal jurisdiction in this district, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), and thus can be considered found in this district for the purpose of § 1782.

Accordingly, discovery from Mr. Lamb and Ellesse LLC is authorized under Section 1782.

**C.   <u>The *Intel* Factors Further Support Discovery of Mr. Lamb's and Ellesse LLC's Evidence</u>**

The *Intel* factors also support granting the requested discovery.

    1. <u>Mr. Lamb and Ellesse LLC Are Not Parties to the Swiss Actions</u>

Mr. Lamb and Ellesse LLC are neither parties to nor participants in the Swiss actions, and the Swiss court lacks jurisdiction to order them to produce discovery. *In re Bloomfield Inv. Res. Corp.*, 2018 WL 6418421, at *4 (E.D.N.Y. Dec. 6, 2018); *see* Wilson Decl. ¶¶ 27–28.

    2. <u>The Foreign Tribunal Is Receptive to Federal Court Assistance Under Section 1782</u>

As Swiss counsel attests, the Swiss courts are receptive to Section 1782 discovery. *See* Wilson Decl. ¶¶ 32–33. This court has previously held the same. *See In re Safra*, 2022 WL 3584541, at *5–6 (concluding this "factor weighs in [the applicant's] favor" because "it appears that the Swiss tribunal is likely to be receptive to this discovery"). Thus, the second *Intel* factor weighs in favor of granting Section 1782 discovery. *See id.* (observing that "the Second Circuit has instructed that district courts generally should err on the side of permitting the requested discovery" because of "the availability of corrective measures abroad," such as the foreign tribunal's ability to exclude evidence).

    3. <u>Mr. Cohen Seeks This Discovery in Good Faith</u>

The third discretionary *Intel* factor—whether the applicant is attempting to "circumvent foreign proof-gathering restrictions"—also favors discovery. That factor is meant merely to preclude bad faith abuse of process, such as "attempting to use foreign litigation as a ruse for obtaining discovery." *See In Re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (quoting *Glock v. Block, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015). Moreover, there is no requirement for a petitioner to seek discovery of materials from the foreign tribunal before filing a Section 1782 application. *Intel*, 542 U.S. at 253; *In re Bayer AG*, 146 F.3d at 196; *see also In re*

*Safra*, 2022 WL 3584541, at *7 ("Section 1782 does not contain an exhaustion requirement that would impose upon an applicant a duty to first seek the requested discovery from the foreign court.").  Petitioner's request for discovery in aid of the Swiss Actions, which concern his legitimate efforts to confirm the heirs to his mother's estate and ascertain the assets of that estate, is thus made in good faith and in satisfaction of the third *Intel* factor.

4.   The Requested Discovery Is Not Unduly Burdensome or Intrusive

Finally, Mr. Cohen's requests would not impose any undue burden on Mr. Lamb or Ellesse LLC.  *In re Bayer AG*, 146 F.3d at 195 ("Consistent with the statute's modest prima facie elements and Congress's goal of providing equitable and efficacious discovery procedures, district courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application.").

Mr. Cohen seeks information from Mr. Lamb—and Ellesse LLC, which Mr. Lamb manages—concerning only the Safra estate, certain family trusts, and testamentary documents. These requests are narrowly tailored to produce relevant information for use in the Swiss Actions. Mr. Lamb therefore cannot claim undue burden from these requests, which are limited in breadth and scope to documents and information he obtained through his work for Mrs. Safra and Ellesse LLC.  The fourth *Intel* factor thus also weighs in favor of discovery.

## IV.   **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court grant his Section 1782 application and issue the requested subpoenas directing Mr. Lamb to produce documents and to appear for a deposition and directing Ellesse LLC to produce documents.

Dated: January 12, 2024                    **SUSMAN GODFREY L.L.P.**

                                           _/s/ Shawn J. Rabin_
                                           Shawn Rabin
                                           Stephen Shackelford, Jr.
                                           Jordan Alston (_pro hac vice_ application
                                           forthcoming)
                                           Susman Godfrey L.L.P.
                                           1301 Avenue of the Americas
                                           32nd Floor
                                           New York, NY 10019
                                           Telephone: 212-336-8330
                                           Facsimile: 212-336-8340
                                           srabin@susmangodfrey.com
                                           sshackelford@susmangodfrey.com
                                           jalston@susmangodfrey.com

                                           Glenn Bridgman (_pro hac vice_ application
                                           forthcoming)
                                           Susman Godfrey L.L.P.
                                           1900 Avenue of the Stars, Suite 1400
                                           Los Angeles, CA 90067
                                           Telephone: 310-789-3100
                                           Facsimile: 310-789-3150
                                           gbridgman@susmangodfrey.com

                                           _Attorneys for Petitioner Eduardo Cohen_
                                           _Watkins_