**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of EDUARDO COHEN WATKINS For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use in Swiss Proceedings | Case No.: 24-mc-23 |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, on January 16, 2024, Petitioner's *Ex Parte* Application for an Order to Conduct Discovery For Use in Swiss Proceedings Pursuant to 28 U.S.C. § 1782 (the "Application") sought leave to obtain discovery from Stephen Lamb and Ellesse LLC ("Respondents") for use in proceedings in Switzerland under Case Numbers C/16641/2023 and C/18590/2023 (collectively, the "Swiss Proceedings");

WHEREAS, on July 26, 2024, Magistrate Judge Tarnofsky issued a Report and Recommendation (Dkt. No. 36 (the "R&R")), recommending the granting of the Application, but "conditioning the grant of the Ellesse Application on Petitioner's agreement to a proposed protective order limiting the use of the discovery to the Swiss Actions";

WHEREAS, Respondents objected to the R&R,

WHEREAS, on October 25, 2024, the Court issued an Order (Dkt. No. 43 (the "Order")) pursuant to 28 U.S.C. § 1782 overruling Respondents' objections, adopting the R&R, and authorizing Petitioner to serve the request for discovery as authorized in the R&R;

WHEREAS, Respondents wish to protect the confidential, proprietary, and/or sensitive information of the certain documents sought by Petitioner;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of the responsive documents in Respondents' possession, Petitioner and Respondents (collectively, the "Parties") hereby stipulate and agree as follows:

13046121v1/018054

### 1. Scope

The Parties submit this Stipulated Protective Order to the Court for approval and agree to be bound by the Order's terms.

### 2. Definitions

i. "Petitioner" shall mean Eduardo Cohen Watkins.

ii. "Respondents" means Ellesse LLC and Stephen Lamb.

iii. "Ellesse LLC" means Ellesse LLC and its present or former directors, managers, and employees.

iv. "Party" means Petitioner or Respondents in this case.

v. "Person" means a natural individual or a legal entity.

vi. "Producer" means a Person who produces information via the discovery process in this action.

vii. "Recipient" means a Person who receives information via the discovery process in this action.

viii. "Confidential Information" includes information (including information contained or recorded in documents, deposition testimony (including any transcript or recordings), or other material) concerning a Person, the disclosure of which may harm that Person, including that Person's competitive position, negatively impact their privacy interests (including information that could be used to impair an individual's personal safety, liberty, or well-being), or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a court. Confidential Information includes such information that a Producer claims in good faith to constitute or relate to protected health information (PHI), and sensitive business, financial, or commercial information that is not publicly available, that provides a commercial advantage to its possessor, that contains sensitive or personally identifiable information of a natural person, and/or that the disclosure of which to persons other than those described in Stipulation 5 below would create a

13046121v1/018054

        risk of harm that could not be avoided by less restrictive means. Confidential Information also includes confidential, proprietary, or private information of a third party to whom a Party believes it owes an obligation of confidentiality with respect to such information. Information is not "Confidential Information" if it is disclosed in a publicly available printed publication, is known or is accessible to the public, was known to the Recipient without an obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by a means not constituting a breach of this Order. Information is likewise not Confidential if a Person lawfully obtained it independently of this litigation.

ix.    "Swiss Proceedings" refers to (1) the legal action initiated by Eduardo Cohen Watkins against Foundation Lily Safra, Max Coslov, Carlos Monteverde, Philippe Hoss, Xavier Oberson, Adriana Cohen Watkins Elia, Gabriel Cohen, Benjamin Cohen, Abigail Cohen, Samuel Elia, David Elia, Lily Gabriella Elia, and Ariel Elia, in the Court of First Instance of the Canton of Geneva under Case Number C/16641/2023, including any appeal; and (2) the legal action initiated by Carlos Monteverde against Benjamin Cohen, Abigail Cohen, Samuel Elia, Xavier Oberson, Philippe Hoss, Adriana Cohen Watkins Elia, Eduardo Cohen Watkins, Gabriel Cohen, Lily Safra Foundation, Ariel Elia, Lily Elia and David Elia, in Court of First Instance of the Canton of Geneva under Case Number C/18590/2023, including any appeal;

**3. Designation of Information as Confidential**

i. The Producer may designate as confidential, for protection under this Order, any document, deposition testimony (including any transcript or recordings), information, or other material that constitutes or includes Confidential Information, by affixing a "CONFIDENTIAL" legend or stamp on such document or material. The legend or stamp shall be placed clearly on each page of the document or material for which such protection is sought.

ii. A Producer's designation of information as CONFIDENTIAL means that the Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

iii. By making documents or things containing Confidential Information available for inspection or by production without marking them as CONFIDENTIAL, a Producer does not forfeit a claim of confidentiality.  A CONFIDENTIAL designation may be made at any time, including after production, provided that any disclosure of information prior to its designation as CONFIDENTIAL shall not be considered a violation of this Order.

iv. A Party's failure to designate a document, thing, or testimony as CONFIDENTIAL does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

v. A Party who has designated information as CONFIDENTIAL may withdraw the designation by written notification to all Parties in the case.

vi. If a Recipient disputes a Producer's designation of information as CONFIDENTIAL, the Recipient shall notify the Producer in writing, identifying the specific document(s), testimony, or thing(s) as to which the designation is disputed, and the grounds for the dispute.  The Recipient and the Producer shall then confer to attempt to resolve the dispute without involvement of the Court.  If they cannot resolve the dispute, the Party challenging the designation may seek relief from the Court.  In the event such an application is made, the information shall remain subject to the Producer's designation until the Court rules on the dispute.

### 4. Interaction With Applicable Law

Notwithstanding anything to the contrary herein, to the extent compliance with this Order would constitute a violation of Petitioner's obligations under applicable law, including Petitioner's obligations under Swiss civil procedure, Petitioner's obligations under applicable law shall prevail. This paragraph shall not be read to limit Petitioner's obligations under paragraph 5(iv).

### 5. Use and Disclosure of Discovery Material

i. Any discovery material or information (including documents, deposition testimony, or other material) produced by the Respondents in this action may be used by the Petitioner, Petitioner's agents, only insofar as they are acting in support of Petitioner in the context of the

Swiss Proceedings, and Benjamin Cohen and Abigail Cohen, only insofar as they are acting in support of Petitioner in the context of the Swiss Proceedings, and subject to their completing the certification contained in Appendix A, only (a) for purposes of the Swiss Proceedings or (b) under seal to support a motion under paragraph 3(vi), 8, or 11.

ii. To the extent any filing in the Swiss Proceedings involving discovery material would, if not filed under seal, be available to the public, Petitioner shall submit such discovery material under seal or seek to employ analogous procedures under Swiss civil procedure to maintain the confidentiality of such document to the extent such procedures are available.

iii. Petitioner will seek a reasonable order from the court(s) in the Swiss Proceedings to enhance the default confidentiality provisions of Swiss civil procedure to impose obligations on all the parties in the Swiss Proceedings not to disclose discovery material outside of the Swiss Proceedings.

iv. (a) If Petitioner is served with a Court-ordered subpoena or a Court order issued in litigation, including but not limited to the Swiss Proceedings, that would compel disclosure of any material or document produced in this action, Petitioner must so notify Producer, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order unless such notification is prohibited by applicable law. Unless prohibited by applicable law, such notification must include a copy of the subpoena or order. Petitioner must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, Petitioner must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. (b) To the extent procedures are available under applicable law for the Producer to challenge any such subpoena or order, Petitioner will make reasonable efforts to challenge such subpoena or order, unless Producer fails to inform Petitioner of Producer's good faith objection to such subpoena or order within a reasonable time. Producer will bear reasonable costs and attorney fees, incurred by Petitioner as a result of such challenge, and will bear reasonable fines and penalties incurred by Petitioner as a result of such challenge

only to the extent such fines and penalties are not caused, in whole or in part, by Petitioner's own conduct.

v. Any discovery material or information (including documents, deposition testimony, or other material) received by anyone who has signed Appendix A, or should have signed Appendix A, may use that material only for purposes of the Swiss Proceedings, and may not be used against the Respondents in any way.

**6. Disclosure of Confidential Information**

i. Absent written permission from the Producer or further order by the Court, information designated as CONFIDENTIAL may only be disclosed: (i) to a Party; (ii) to a Party's outside counsel, including necessary paralegal, secretarial, and clerical personnel assisting such counsel, and necessary discovery consultants, processors, and vendors assisting such counsel; (iii) to a Party's in-house counsel, including paralegal, secretarial, and clerical personnel assisting such individuals; (iv) to a stenographer and videographer recording testimony concerning the information; (v) to experts and consultants and their staff whom a Party employs for purposes of the Swiss Proceedings, but only after each such person has completed the certification contained in Appendix A; (vi) at depositions, trial, or hearings in the Swiss Proceedings, but only if there is a good faith basis for disclosing the information and Petitioner has made reasonable efforts to make the deposition, trial or hearing unavailable to the public; (vii) to the Court presiding over the Swiss Proceedings and its staff; (viii) to parties in the Swiss Proceedings, but only in furtherance of Petitioner's prosecution of the Swiss Proceedings, and only after each such party has completed the certification contained in Appendix A. Notwithstanding the foregoing, a document marked CONFIDENTIAL may be disclosed to any Person who was an author or recipient of the document.

**7. Disclosure Not Attributable to Petitioner**

Notwithstanding anything to the contrary herein, Petitioner may use discovery material or information to the extent such discovery material or information is used or disclosed without fault of Petitioner or Petitioner's agent; except that, if discovery material or information produced by the Respondents in this action is made public by only Petitioner or Petitioner's agent in the course

6

of the Swiss Proceedings, Petitioner may not use such discovery material or information outside of the context of the Swiss Proceedings to bring a legal proceeding or action against Respondents or to make public statements against Respondents without first seeking and obtaining a modification of this Order.

### 8. Production of Privileged or Protected Material

Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity, to the extent not otherwise required to be produced. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other proceeding. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the Recipient(s). The Recipient(s) shall gather and return to Producers or destroy all copies of such documents, information or other material in the Recipient's possession, custody or control within ten (10) business days of receipt of notice from the Party of production of the protected materials and confirm in writing that those documents have been destroyed any copies of such information; provided that, if Petitioner has challenged the claim of privilege or protection and such claim of privilege or protection is overruled, the Producer must re-produce such document(s) within 5 days of such ruling. For the avoidance of doubt, a document in the Recipient's agent's possession, custody or control is also in the Recipient's possession, custody or control for purposes of this Order.

### 9. Unauthorized Disclosure

If a Recipient learns that, by inadvertence or otherwise, it has disclosed documents or information designated as CONFIDENTIAL to any Person or in any circumstance not authorized

7

13046121v1/018054

under this Order, the Recipient must immediately (a) notify in writing the Producer of the unauthorized disclosures, which written statement shall include a description of (i) the circumstances surrounding the unauthorized disclosure, (ii) a list of persons to whom such disclosure was made, and (iii) the steps the Recipient has taken to retrieve the CONFIDENTIAL information or to otherwise mitigate any harm that may result from its unauthorized disclosure; (b) use its best efforts to retrieve all copies of the CONFIDENTIAL information; (c) inform the Person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such Person(s) execute the attached Appendix A.

### 10. Document Destruction Upon Termination of Proceedings

Within sixty (60) days of final termination of the Swiss Proceedings, including any appeals, all discovery material produced in this action, including all copies thereof, in Recipient's possession, custody, or control shall be returned to the Producer, or, upon permission of the Producer or if such discovery material is an electronic copy, destroyed. In any event, by the sixty (60) day deadline, the Recipient shall verify the return or destruction by submitting a written certification to the Producer affirming that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the discovery material. Notwithstanding the foregoing, the Recipient need not return or destroy discovery material (a) disclosed to a person not Recipient's agent in conformance with this Order, unless such disclosure was in connection with a Swiss Proceeding and the court in the Swiss Proceeding has also ordered the return or destruction of such material, (b) with respect to which the Recipient has sought modification of this Order, and such requested modification has not been denied, or (c) to the extent such return or destruction would be inconsistent with applicable law or other retention obligations, including for the avoidance of doubt the retention obligations of Petitioner's Swiss counsel under Swiss generally accepted accounting standards.

### 11. Modification of Obligations

This Order or any terms or obligations herein may only be modified (1) upon the mutual agreement of the Parties; or (2) by leave of Court.

13046121v1/018054

**12. Survival of Obligations**

The obligations set forth in this Order survive the conclusion of this action and the termination of the Swiss Proceedings. This Order shall remain in full force and effect until canceled or otherwise modified by the Court.

Date: 1/22/2025
New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of EDUARDO COHEN WATKINS For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use in Swiss Proceedings | Case No.: 24-mc-23 |

### ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

I certify that I have read the Protective Order ("Protective Order") in the above captioned case and that I understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms, including not using any information disclosed for any purposes beyond the Swiss Proceedings. If I am found to have violated or otherwise not complied with the terms of the Protective Order, I understand I may be subject to penalties and/or other sanctions. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of New York for any proceeding involving enforcement of the Protective Order.

Name: _____

Date: _____

Signature: _____

13046121v1/018054

| | |
|---|---|
| Dated: January 21, 2025 | Respectfully submitted,<br><br>/s/ Shawn Rabin<br>Shawn Rabin<br>Stephen Shackelford, Jr.<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas<br>32nd Floor<br>New York, NY 10019<br>Telephone: 212-336-8330<br>Facsimile: 212-336-8340<br>srabin@susmangodfrey.com<br>sshackelford@susmangodfrey.com<br><br>Glenn Bridgman *(admitted pro hac vice)*<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: 310-789-3100<br>Facsimile: 310-789-3150<br>gbridgman@susmangodfrey.com<br><br>*Attorneys for Petitioner Eduardo Cohen Watkins*<br><br>/s/ Gavin Frisch<br>Lucas Bento<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849 7000<br>lucasbento@quinnemanuel.com<br><br>Gavin Frisch<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>111 Huntington Avenue, Suite 520<br>Boston, Massachusetts 02199<br>Telephone: (617) 712 7100<br>gavinfrisch@quinnemanuel.com<br><br>*Attorneys for Respondents* |

13046121v1/018054